UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBER EDWARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **FILE UNDER SEAL** |
| vs. | ) | **Case No. 4:06-CV-1419-CEJ** |
| | ) | **CAPITAL HABEAS** |
| DONALD P. ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the ex parte motion of petitioner's counsel Kent E. Gipson and Jeremy S. Weis to authorize the interim payment of fees and expenses of appointed counsel [Doc. #8]. See 18 U.S.C. § 3006A and 21 U.S.C. § 848(q). Because this proceeding involves the death penalty, the Court anticipates that the length and complexity of this case will impose a financial hardship on counsel. Therefore, the Court will allow counsel to obtain interim payment of fees and expenses.

The CJA and Volume VII of the Guide to Judiciary Policies and Procedures Appointment of Counsel in Criminal Cases (Administrative Office of the United States Courts) (hereinafter referred to as the Guide) set forth the procedures for securing the payment of fees and the reimbursement of expenses under the CJA. Counsel should also review the Instructions for Completing the CJA Form 30: Appointment of and Authority to Pay Court Appointed Counsel (the Instructions). In addition to these instructions and

procedures, the following supplemental procedures shall also apply during the course of counsel's representation in this case:

1. **Submission of Interim Vouchers**.

Counsel shall submit to the Clerk of the Court interim vouchers (CJA Form 30) ("Interim Vouchers") for payment of fees and expenses every two months. In the initial Interim Voucher, counsel shall claim compensation earned and reimbursable expenses incurred from the date of appointment through and including November 30, 2006. Counsel shall submit an Interim Voucher for compensation earned and reimbursable expenses incurred for each two month period thereafter (the "Interim Period").

2. **Hourly rates.**

Compensation for both Kent E. Gibson and Jeremy S. Weis shall be claimed at the rate of $163.00 per hour for both in court and out of court time.

3. **Final Voucher.**

Within 45 days from the conclusion of proceedings before the District Court, counsel shall submit a Final Voucher seeking payment for compensation earned and reimbursable expenses incurred after the last day of the immediately preceding Interim Period.

4. **Reimbursable Expenses.**

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to representation. Counsel's attention is directed to the provisions of the <u>Guide</u> which require that certain expenses be adequately documented. In particular, counsel is advised

that a copy of a paid receipt or canceled check is required for any expense over fifty dollars ($50.00) and for unusual expenses such as overnight delivery and courier service.

The following guidelines may be helpful:

a. Case related travel by privately owned automobile is currently reimbursable at the rate of $0.445 per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls. Transportation other than privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is not reimbursable.

b. Actual expenses incurred while traveling in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the clerk.

c. Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17, Fed. R. Crim. P. and 28 U.S.C. § 1825.

**5. <u>Record keeping and billing summary</u>.**

Each attorney shall maintain contemporaneous time records for all work performed and shall maintain contemporaneous records of all expenses incurred in this matter. These records must be retained for three years after approval of the Final Voucher. These records may be subject to audit.

To support the amounts claimed on an Interim or Final Voucher, counsel shall submit a billing summary detailing both the time expended on and the expenses incurred in connection with the representation. Time entries on the billing summary shall indicate the nature of the services rendered (e.g., telephone conference with client re: status of case, research re: search of automobile incident to stop for speeding). Each operation should be separately described and recorded. Counsel should not lump several different operations together in a single time entry. The billing summary shall be incorporated into and become part of the Interim or Final Voucher.

**6. <u>Disclosure</u>.**

Because the disclosure of certain information contained in the Interim Voucher(s) or the worksheets or attachments thereto may compromise defense strategies, investigative procedures, attorney work product, the attorney-client relationship or privileged information, the Clerk of the Court is hereby directed to safeguard the Interim Voucher(s), including all worksheets and attachments thereto, from public disclosure until all proceedings before the District Court have been concluded. Nothing herein, however, shall be interpreted as prohibiting the Clerk from disclosing to the Circuit Court or to the AO such information as may be necessary to process the Interim Voucher(s) for payment.

**7. <u>Investigative, Expert or Other Services</u>**

Compensation for investigative, expert and other services should be claimed directly by the service provider on CJA Form 31, "Death Penalty Proceedings: Request for Authorization and Voucher for Expert and Other Services." Upon the finding that

investigative, expert, or other services are reasonably necessary for the representation of the petitioner, the Court may authorize counsel to obtain such services. No ex parte request for investigative, expert, or other services in such cases may be considered unless a proper showing is made by counsel concerning the need for confidentiality. If the Court does find that the services requested are reasonably necessary, it may authorize payment of fees and expenses for investigative, expert, an other reasonably necessary services up to the case maximum of $7,500. See 21 U.S.C. § 848(q)(10)(B). The Court notes that the $7,500 limit applies to the total payments for investigative, expert, and other services in a case, not to each service individually. However, the Court may certify payment in excess of $7,500 if necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess is approved by the chief judge of the circuit or his representative.

**8. Paralegals, Legal Assistants, and Law Students.**

Compensation for legal research and assistance performed by paralegals or legal assistants (including law students) should be claimed on CJA Form 31 and not claimed as an expense on CJA Form 30. Counsel shall include with the completed CJA Form 31 an explanation of the work performed, the number of hours expended, and the rate requested (less than that paid to appointed counsel). The procedures for obtaining investigative, expert, or other serves, as well as the case maximum per provider, also apply to these services.

**9. Miscellaneous.**

Counsel shall complete the Interim and Final vouchers in accordance with the CJA, the Guide, the Instructions, and this Order. Interim Voucher(s) should be sequentially

numbered. Additional vouchers (CJA Form 30) may be obtained from the Clerk of the Court.

If counsel desires additional clarification concerning payments under the CJA, counsel should address inquiries to the Clerk of Court.

Accordingly,

**IT IS HEREBY ORDERED** that appointed counsels' motion for interim payment of fees and expenses [Doc. #8] is **GRANTED**.

Dated this 27th day of October, 2006.

_____
**UNITED STATES DISTRICT JUDGE**