UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KIMBER EDWARDS,                          )
                                         )
          Petitioner,                    )
                                         )
     vs.                                 )          Case No. 4:06-CV-1419 (CEJ)
                                         )
DONALD P. ROPER,                         )
                                         )
          Respondent.                    )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of petitioner Kimber Edwards to alter or amend judgment pursuant to Rule 59(e), Fed.R.Civ.P.  Respondent opposes the motion and the issues are fully briefed.

Kimber Edwards was sentenced to death after a jury found him guilty of first-degree murder in connection with the murder-for-hire shooting of his ex-wife, Kimberly Cantrell.  On September 28, 2009, the Court denied his petition for a writ of habeas corpus.

### I.    Legal Standard

Rule 59(e) motions serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence."  United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006).  Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.  Id.

### II.    Discussion

In his first argument, petitioner contends that the Court erroneously conflated the standard of review provisions of § 2254(d)(2) and § 2254(e)(2) in its analysis of his Batson claim.  Petitioner notes that the United States Supreme Court granted *certiorari* to review the interplay of these two standards.  See Wood v. Allen, 129 S. Ct. 2389 (2009).  When he field this motion, petitioner anticipated that the Supreme

Court would overturn the standard adopted by the Eighth Circuit and applied by this Court. However, when the Supreme Court issued the final opinion, the majority determined that it was unnecessary to reach the issue on which petitioner's claim relies. Wood v. Allen, 130 S. Ct. 841, 845 (2010). Accordingly, the standard articulated by the Eighth Circuit in Williams v. Norris, 576 F.3d 850, 863 (8th Cir. 2009), remains unchanged. The Court has reviewed its analysis of petitioner's Batson claims and finds no manifest errors of law or fact. Petitioner's first argument for relief under Rule 59(e) will be overruled.

In his second argument, petitioner claims that the Court made manifest errors of law and fact when it rejected his claim that penalty phase counsel were ineffective for failing to complete an adequate social history. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to obtain relief under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Bell v. Cone, 535 U.S. 685, 699 (2002). Rather, petitioner must show that the Missouri courts applied Strickland to the facts of his case in an objectively unreasonable manner. Id. The Court has reviewed petitioner's allegations of error and again concludes that he has not established that the state courts applied Strickland to the facts of his case in an objectively unreasonable manner. Petitioner's second argument will be overruled.

In his final argument, petitioner challenges the Court's analysis of his Fifth Amendment claim. Petitioner asserts that his rights were violated when the trial court refused to instruct the jury that no adverse inference could be drawn from his failure to testify during the penalty phase. This error, he asserts, was compounded by the

prosecutor's improper comments on petitioner's failure to testify during the penalty phase.[1]

The Missouri Supreme Court held that it was harmless error for the trial court to refuse to instruct the jury that it could not draw adverse inferences from petitioner's failure to testify during the penalty phase. State v. Edwards, 116 S.W.3d 511, 540-41 (Mo. 2003) (citing Chapman v. California, 386 U.S. 18 (1967)). Assuming without deciding that the state supreme court's application of Chapman was flawed, as petitioner contends, this Court must apply the harmless-error analysis of Brecht v. Abrahamson, 507 U.S. 619, 629 (1993). Fry v. Pliler, 551 U.S. 112 (2007); Toua Hong Chang v. Minnesota, 521 F.3d 828, 831-32 (8th Cir. 2008). Thus, "habeas relief is proper only if the error had a 'substantial and injurious effect or influence in determining the jury's verdict.'" Id. (quoting Brecht, 507 U.S. at 623). "A 'substantial and injurious effect' occurs when the court finds itself in 'grave doubt' about the effect of the error on the jury's verdict." Id. (quoting O'Neal v. McAninch, 513 U.S. 432, 435 (1995)). "'Grave doubt' exists where the issue of harmlessness is 'so evenly balanced that [the court] feels [itself] in virtual equipoise as to the harmlessness of the error.'" Id.

With this standard in mind, the Court re-examines petitioner's allegation of error. The purpose of the "no adverse inference" instruction is to limit the likelihood that the jury will improperly speculate regarding a criminal defendant's exercise of his constitutional right not to testify. See Carter v. Kentucky, 450 U.S. 288 (1981). Petitioner testified during the guilt phase but not the penalty phase of his trial. He

---

[1]During his closing argument, the prosecutor stated, "What's the one thing we haven't heard about that Kimber Edwards has expressed to anyone, remorse. Any remorse, any sadness about the killing of Kimberly Cantrell and why haven't you heard it? Because he obviously hasn't expressed it to anyone." (Tr. at 2031). Petitioner characterizes this statement as an impermissible comment on petitioner's decision not to testify during the penalty phase.

testified that he was not involved in his ex-wife's murder, testimony that the jury clearly rejected. In the penalty phase, the prosecution called two witnesses to offer victim-impact testimony. The defense called nine witnesses to testify about why the death penalty should not be imposed and to ask for mercy on petitioner's behalf. As the Missouri Supreme Court noted, "In these circumstances, the jury would not have expected defendant to again take the stand . . . Indeed, there is little more he could have said, except repeat a story that the jury had already rejected and ask for mercy, and other witnesses asked for mercy on his behalf." State v. Edwards, 116 S.W.3d at 543. The Court cannot say that the trial court's error in refusing to give the required instruction had a "substantial and injurious effect" on the verdict.

With respect to petitioner's claim that the instructional error was compounded by the prosecutor's comment, petitioner failed to object to the prosecutor's comment and thus the Missouri Supreme Court conducted plain error review. There is a split within the Eighth Circuit with respect to whether plain error review cures a possible procedural default. Shelton v. Purkett, 563 F.3d 404, 408 (8th Cir. 2009). One line of cases stands for the proposition that "a properly limited plain error review by a state court does not cure a procedural default." See, e.g., Toney v. Gammon, 79 F.3d 693, 699 (8th Cir. 1996). Another line of cases holds that when a state court conducts a plain error review, a federal habeas court may also review for "manifest injustice." See, e.g., Thomas v. Bowersox, 208 F.3d 699, 701 (8th Cir. 2000). Assuming without deciding that the prosecutor's comment was a veiled statement regarding petitioner's decision not to testify during the penalty phase, the comment did not create a manifest injustice. Similarly, the Court finds no basis for declaring that the comment magnified the impact of the instructional error.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to alter or amend judgment pursuant to Rule 59(e) [Doc. #60] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of September, 2010.