UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMBER EDWARDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:06-CV-1419 (CEJ) |
| ) | |
| DONALD L. ROPER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the initial and supplemental applications of petitioner Kimber Edwards for a certificate of appealability, pursuant to 28 U.S.C. § 2253, and the petitioner's motion for leave to appeal *in forma pauperis.*

Kimber Edwards was sentenced to death after a jury found him guilty of first-degree murder in connection with the murder-for-hire shooting of his ex-wife, Kimberly Cantrell. On September 28, 2009, the Court denied his petition for a writ of habeas corpus. Petitioner seeks leave to appeal the denial of relief with respect to eight claims raised in his petition.

Under 28 U.S.C. § 2253, a certificate of appealability may issue only where a petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Under this standard, a petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (alteration omitted); see also Tennard v. Dretke, 542 U.S. 274, 282 (2004) (petitioner must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims "debatable or wrong") (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Applying this standard, the Court finds that a certificate of appealability should issue with respect to petitioner's claims that (1) the use of peremptory strikes to remove venire persons Laverne Evans and Ronald Burton violated Batson v. Kentucky, 476 U.S. 79 (1986) (Ground 1), and (2) the trial court's failure to provide a "no adverse inference" instruction, in combination with the prosecutor's closing argument, violated petitioner's Fifth Amendment right to remain silent during the penalty phase (Ground 5). The Court finds that petitioner has not made the requisite showing for a certificate of appealability with respect to his remaining claims in Grounds 2, 3, 4, 6, 7 and 8.

Finally, because petitioner was previously allowed to proceed *in forma pauperis* and he remains indigent, it is unnecessary for him to seek pauper status on appeal. See Rule 24(a)(3), Fed.R.App.P. (party previously permitted to proceed *in forma pauperis* may proceed on appeal without further authorization).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for a certificate of appealability [Doc. #69] is **granted** with respect to the claims asserted in Ground 1 and Ground 5 of his petition for habeas corpus relief, and is **denied** with respect to the claims asserted in Grounds 2, 3, 4, 6, 7 and 8.

**IT IS FURTHER ORDERED** that petitioner's supplemental application for certificate of appealability [Doc. #71] is **denied**.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed *in forma pauperis* on appeal [Doc. #68] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of January, 2011.